LUCY ANN S. REED, IMPLEADED ETC. v. LOUISA E. BUYS.

*Married woman's liability on her husband's note.*

A married woman is not liable on a promissory note which she signed with her husband, if no consideration passed to her from the party to whom the note was given. A consideration as between herself and her husband is not enough.

Error to St. Joseph.    Submitted June 10.    Decided June 16.

Assumpsit.    Defendant brings error.    Reversed.

*D. E. Thomas* and *H. H Riley* for plaintiff in error.

*J. W. Flanders* and *Chas. Upson* for defendant in error.

Campbell, J.    Mrs. Reed was sued as joint maker with her husband and son of a promissory note for four thousand dollars, dated January 24, 1874, but in fact given in June, 1874, in place of a former note of that date. She made some payments which were indorsed.

The defense was that the note was not given for any purpose relating to her own property or interest.

It is not disputed that the original note of January, 1874, was given by her husband and signed by her, in fact as a surety, for money due from him to the original payee Mr. Buys, partly for existing debts and partly for new advances. The second note was a substitute for the first, and nothing passed to Mrs. Reed or for her benefit in executing it.

The ground relied on for enforcing this liability is that in fact the consideration was the transfer from her husband of certain lands, as an inducement for her to execute it.

At the nominal date of the note her husband conveyed to her a tract of land, which was then supposed to be worth more than this debt. Mr. Reed having asked her to become his surety in his arrangement with Mr. Buys, she told him she ought to be secured for his old indebtedness to her before she should sign for him. He had received and used the proceeds of several items of property belonging to her, and among others four thousand dollars for a farm at Pigeon, which he owed her with interest. He offered to convey to her the land in question for what it was worth; it being encumbered, but in his judgment worth more than that debt. She refused to take it at more than four thousand dollars, but agreed that if she got more for it she would apply the balance on the debt to Mr. Buys. There is no

44 Mich.—6

evidence tending to make out any substantially different case, but in the view we take of the facts this is not very material. The utmost that is claimed is that she was induced to sign for her husband by his conveyance.

We have decided several times, and once during this term (in *Kenton Insurance Co. v. McClellan* 43 Mich. 564) that a married woman can only contract in regard to her own separate property, either already owned or else to be acquired or affected by the contract. There must be a direct relation between the contract and her property.

In the present case no such connection existed. We do not think the testimony tended to show that even as between herself and her husband the acquisition of the land was the consideration of any contract to sign for him. Its value was fixed at the existing debt which it cancelled. But however this may be, that was a separate contract between herself and her husband, in which no one else was concerned. If he had made her a conveyance for no other purpose than to induce her to sign or indorse for him, her refusal could have given no one else a cause of action. Buys had nothing to do with it. The only consideration for the note in question passed from Buys to the husband. Buys did not take any step with the understanding or knowledge of this collateral arrangement. He no doubt acted on a mistake of law, supposing a married woman could contract generally. He was an entire stranger to the arrangement between husband and wife, and had nothing to do with its consideration. The two contracts had, so far as he was concerned, no relation to each other.

As there was no other consideration involved in the questions brought before us, we need not discuss any other points. We think the lands in question had nothing to do with the consideration of the note, and that Mrs. Reed was not authorized to contract with Mr. Buys so as to be bound by reason of her husband's arrangements with her.

The judgment, resting on a different view, must be reversed with costs and a new trial granted.

The other Justices concurred.