VELOROUS TAFT, administrator, *vs.* ELIJAH B. STODDARD.

Worcester.  October 6. — 22, 1886.  DEVENS & W. ALLEN, JJ., absent.
GARDNER, J., did not sit.

In 1870, A., the owner of land, mortgaged it to D., the condition of the mortgage being the payment of a certain sum of money, on demand, with interest semi-annually, and to secure and save the mortgagee harmless for all indorsements, liabilities, expenses, and services, on account of the mortgagor.  In 1878, A. mortgaged a portion of the same land to H., by a deed which referred to the mortgage to D.  In 1880, D. assigned the first mortgage to S., the consideration expressed being $1.  On a bill in equity, brought, in 1884, by H. against S., to redeem the land from the first mortgage, it appeared that, in 1867, the firm of which A. was a member executed an assignment for the benefit of their creditors to S. and others, as trustees, by the terms of which certain property (in which that subsequently mortgaged by A. was not included) was to be sold, and the proceeds, after deducting the disbursements, expenses, and charges of the trustees, were to be divided ratably among the creditors of the firm.  S. was permitted to testify, against the objection of H., that, at the time of the execution of the first mortgage. it was to be held as security for the payment to S. for all the services he had rendered, or should thereafter render, to A. as trustee under the assignment of 1867, or as his attorney, and also for all advances and payments made or to be made, or liabilities incurred, by S. in behalf of A.; that D. did not make any advances to A., or incur any liability for him; and that these facts were all known to H. when he took the second mortgage.  The judge found that this testimony was true, and ordered a decree to be entered that S. was entitled to hold the first mortgage as security for money paid out to the creditors of the firm of which A. was a member beyond what he had received from the assets of the firm, for money advanced to A., and for money paid one of his co-trustees for his services, with interest on these amounts; and that he was also entitled to hold it as security for money due him as trustee, or as attorney, without interest, no demand having been made; but that S. was not entitled to be indemnified against any claim of creditors of the firm, the judge having found that S. had fully executed the trust, although there was evidence that a creditor had recently made a demand upon him.  *Held*, that the decree was right.

BILL IN EQUITY, filed October 18, 1884, by the administrator of the estate of Whitman Holbrook, to redeem a certain parcel of land in Upton from a mortgage given by Ezekiel B. Stoddard to William Dickinson, and assigned to the defendant.

Hearing, in the Superior Court, before *Aldrich*, J., who, after a final decree for the plaintiff, reported the case for the determination of this court, in substance as follows:

On February 28, 1870, Ezekiel B. Stoddard conveyed in mortgage, by a deed duly recorded, certain land in Upton to William

Dickinson, the condition of the mortgage being as follows: "Provided, nevertheless, that if the said Ezekiel B. Stoddard, his heirs, executors, or administrators, pay to the said William Dickinson, his heirs, ʹexecutors, administrators, or assigns, the sum of ten thousand dollars on demand, with interest semiannually at the rate of nine per cent, and secure and save him harmless for all indorsements, liabilities, expenses, and services, on my account or for my benefit and request, together with such sums, if any, as said Dickinson, his executors, administrators, or assigns, or either of them, shall pay for the insurance of said buildings, with lawful interest for the same semiannually, then this deed, as also a certain note bearing even date with these presents, given by said Ezekiel B. Stoddard to the said William Dickinson, to pay the same sum, with interest, at the time aforesaid, shall be void."

The note secured by this mortgage was for $10,000, payable on demand, with interest semiannually at the rate of nine per cent per annum, and was witnessed.

On March 6, 1878, Ezekiel B. Stoddard conveyed in mortgage, by a deed duly recorded, to Whitman Holbrook, a portion of the premises described in the deed to Dickinson. The deed contained a covenant that the premises were free from all incumbrances except the mortgage to William Dickinson.

On July 16, 1880, William Dickinson, in consideration of one dollar, assigned his mortgage, "the real estate thereby conveyed, and the note and claim secured thereby," to the defendant, by an assignment absolute in form.

Ezekiel B. Stoddard, a relative of the defendant, having been engaged in business in Charleston, South Carolina, with two partners, under the firm and style of E. B. Stoddard and Company, became pecuniarily embarrassed as long ago as 1861, and applied to the defendant to aid him in the settlement of his affairs, which the defendant agreed and undertook to do. In the process of settlement a composition or trust deed was executed, on June 29, 1867, by and between said firm, their creditors, and the defendant and his two co-trustees, by the terms of which certain property, real and personal, but not including that afterwards conveyed by the two mortgages above mentioned, was conveyed by the firm to the trustees, in trust to convert the

same into money, and from the proceeds, after deducting the disbursements and expenses of the trustees, and their reasonable charges for services, to distribute and pay the remainder ratably among the creditors of the firm.

The amount collected by the trustees from the assets of said firm was $9999.35, all of which was paid to the defendant, and he paid out to the creditors of said firm $10,186.63, and to one of his co-trustees, for services and expenses, $700. He also advanced to Ezekiel B. Stoddard $250, making in all the sum of $11,136.63, which exceeded the amount he had received from the assets of the firm in the sum of $1137.28, which, with interest added, amounted, on July 24, 1886, to $2068.37.

The judge also found there was due the defendant, as trustee, for services, $500, and as attorney for said Ezekiel B. Stoddard, $1000, making in all due the defendant from said Ezekiel B. $3568.37.

The defendant contended that he was the rightful holder of said first-named mortgage as security for the last-named sum, and claimed interest on the sum found due him for services as trustee and attorney; but no demand of payment of that sum having been shown or proved, the judge declined to allow interest thereon.

The defendant was the only witness examined at the hearing, and he was permitted, against the objection of the plaintiff, to testify as to the circumstances and agreements attending the inception of the first-named mortgage, and also as to subsequent agreements respecting the same, and the judge found the following facts proved by the defendant's testimony: There was from one hundred and twenty to one hundred and thirty thousand dollars, debts of the firm of E. B. Stoddard and Company, then known to the trustees, and the sums collected would only pay about five per cent of all claims, as the trustees estimated them, and the creditors were unwilling to accept five per cent in full for their claims; but it was agreed between Ezekiel B. Stoddard and the defendant, that he should buy up such of said claims as could be obtained for twelve and one half per cent, and said mortgage upon the individual estate of Ezekiel B. Stoddard, dated February 28, 1870, was then executed as security and indemnity, as hereinafter stated. Although said mortgage and note were given

to William Dickinson, yet he did not, at the time or afterward, make any advances to or for Ezekiel B., nor did he at any time incur any liability for or on account of Ezekiel B. At the time said mortgage was given, the defendant did not know that he should be able to furnish all the money said mortgagor might need; and if not, Dickinson was to aid him; and, for any advances Dickinson might make for that purpose, he was to hold said mortgage as security. It was also then agreed and understood by said mortgagor, the defendant, and Dickinson, that the mortgage was to be held as security for the benefit of the defendant, and as security for the payment to the defendant for all the services he had rendered for and in behalf of the mortgagor, as trustee or attorney, and for all services he might thereafter perform in either capacity for him, and also for all advances and payments made or to be made, or liabilities incurred, by the defendant, in behalf of said mortgagor.

Before and at the time Whitman Holbrook took the second mortgage, the facts in relation to the origin of the first mortgage, and the manner and purposes in and for which it was given and held, were made known to him, and he took the second mortgage in view of said facts, and with full knowledge of the same, and Holbrook was then told by the defendant that he could not inform him what the exact amount was which would be due to the defendant, but that Holbrook must not take the second mortgage with the understanding that the amount would be less than $10,000.

It also appeared in evidence, that, after the execution of the deed of trust, some of the creditors of said firm were paid twelve and one half per cent of their claims, while others were paid only five per cent by said trustees, and some were paid nothing. Creditors who were paid twelve and one half per cent received that amount in full satisfaction, and assigned their claims to Dickinson for the defendant; but those who were paid only five per cent received that amount as a dividend, but did not receive it in full satisfaction, and did not surrender their claims, and the defendant has recently been called upon by some creditors of the latter class for an additional dividend, and he claims the right to hold said mortgage, not only as security for the sum found due him as aforesaid, but also to indemnify him for any

liability he may be under to pay an additional dividend to creditors of said firm who have not surrendered their claims and have received only five per cent or less on their claims. No creditor was paid in preference to any other, and there was no evidence or offer of evidence to show that all would not have been paid alike, if they had presented their claims, and accepted payment upon the same terms.

The judge found that the defendant had fully executed the trust assumed by him under and by virtue of said indenture, and that he was not under any liability to any of said creditors, and therefore was not entitled to any indemnity from the plaintiff, by reason of such supposed liability, as a condition of his assigning said mortgage to the plaintiff.

The final decree, dated July 24, 1886, stated that the defendant was entitled to hold the first mortgage as security for the payment to him for his services as trustee and attorney, and for his advances for and in behalf of Ezekiel B. Stoddard, amounting in all, computed as before stated, to the sum of $3568.37; and that, on payment by the plaintiff, within ninety days, of this sum, with interest from the date of the decree, the defendant should assign said first mortgage and note to the plaintiff.

*T. G. Kent & G. T. Dewey*, for the plaintiff.

*E. B. Stoddard & W. A. Gile*, for the defendant.

MORTON, C. J. This is a bill in equity, brought by the administrator of the estate of a second mortgagee to redeem land from a first mortgage. The first mortgage was originally given by Ezekiel B. Stoddard to one Dickinson, and was afterwards assigned to the defendant. It was, in form, a mortgage to secure the payment of a note for $10,000. It was proved by oral testimony, at the hearing, that it was, in fact, given for the benefit of the defendant, to secure him for advances which he had made, and which he might thereafter make, for the benefit of the mortgagor in the settlement of his affairs, and for the services rendered by the defendant in such settlement. Dickinson held the mortgage, until he assigned it, in trust for the defendant. *Breen v. Seward*, 11 Gray, 118. We cannot see that the rights and equities of the parties in this suit are different from what they would have been if the mortgage had been originally made directly to the defendant.

It has been repeatedly held by this court, that, on a bill to redeem by a mortgagor, it is competent for the mortgagee to show by oral testimony what was the real debt or obligation which the mortgage was given to secure, and even to show that, after it was given, the parties agreed that it should be held as security for a new and different debt. In such cases, a court of equity will not aid a mortgagor, or permit him to redeem, until he does equity, and pays the debt intended to be secured by the mortgage, according to the agreement and real equities between the parties. *Joslyn* v. *Wyman*, 5 Allen, 62. *Stone* v. *Lane*, 10 Allen, 74. *Upton* v. *South Reading Bank*, 120 Mass. 153. The same principle is applied when a bill to redeem is brought by one who has taken a conveyance from the mortgagor with a knowledge of the facts. *Joslyn* v. *Wyman, ubi supra*. *Stone* v. *Lane, ubi supra.*

In the case at bar, the plaintiff has no higher equity than that of the mortgagor. The second mortgage is expressly made subject to the first, and, when Whitman Holbrook, the plaintiff's intestate, took his mortgage, he was informed of the origin, character, and purposes of the first mortgage. He took it with a knowledge of all the facts. His administrator stands in no better position than the mortgagor ; and, in this suit, the defendant is entitled to hold his mortgage as security for the payment of his services and advances, as found by the presiding justice of the Superior Court.

As the defendant never made any demand for the sums claimed for his services, we see no error in the ruling of the Superior Court, that he is not entitled to interest thereon.

The Superior Court has found that the defendant has fully executed the trust assumed by him under the indenture of 1867, and that he is not now under any liability to any of the creditors of E. B. Stoddard and Company under said indenture. It follows that the defendant cannot hold his mortgage as security for an alleged liability which does not exist. The rulings of the Superior Court were correct. *Decree affirmed.*