### CARROLL *v.* CHAURET.

1. MORTGAGES—LIEN IS DETERMINED BY PROVISIONS OF MORTGAGE RATHER THAN NOTE TO WHICH IT IS COLLATERAL.

Where a real estate mortgage recited that it was given "to secure the repayment of $1,050, with interest, * * * according to the terms of one promissory note of even date herewith, * * * to which this mortgage is collateral security," the mortgage lien is limited to the repayment of $1,050 with interest, although the note was given for the $1,050 and any further sums which might

[1]Mortgages; 41 C. J. §§ 340, 345.

become due on open account, since the lien is to be determined by the provisions of the mortgage rather than the note.

2. HUSBAND AND WIFE—WIFE'S LIABILITY ON NOTE COLLATERAL TO MORTGAGE ON HOMESTEAD.

Where a husband and wife executed a note for the sum of $1,050 owing by the husband and also for any further sums that might thereafter become due from him on open account, and on the same date executed a mortgage on their home for $1,050 as collateral security, the wife is not liable on the note beyond her admitted liability of $1,050, and as to any balance beyond that she is, at most, a surety only.

3. SAME — WIFE'S LIABILITY — MORTGAGE LIEN ON HOMESTEAD LIMITED BY WIFE'S LIABILITY.

Since the wife is not bound by the note, the extent or amount of the mortgage lien must be confined to and limited by the express terms of the mortgage, viz., $1,050, although at the time foreclosure was sought there was a considerable sum owing on open account.

Appeal from Bay; Houghton (Samuel G.), J.    Submitted October 4, 1927.    (Docket No. 16.)    Decided January 3, 1928.

Bill by John Carroll against Leo Chauret and another for the foreclosure of a mortgage.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Dudley J. Kavanagh,* for plaintiff.

*Robert H. Lane,* for defendants.

NORTH, J.    The defendants in this case executed and delivered to the plaintiff the following note:

"Bay City, Mich., March 6, 1925.
"$1,050.00.

"For value received, I promise to pay to the order of John Carroll, ten hundred and fifty dollars in weekly instalments of ...........................
and any further sums that may hereafter be due said

²Husband and Wife, 30 C. J. § 358; ³Id., 30 C. J. §§ 102 (Anno); Mortgages, 41 C. J. § 345.

John Carroll on open account from me, at the First National Bank, Bay City, Michigan, beginning March 6, 1925, till all of said principal sum and sums due on open account as aforesaid shall have been paid in full, with interest on all unpaid sums hereon and such open account at the rate of six per cent. (6%) per annum from date on said principal sum and from due date on items of open account, payable quarterly. The whole amount remaining unpaid to become due and payable upon default. Above secured by real estate mortgage given under date of March 6, 1925.

"LEO CHAURET,<br>"MRS. JULIA CHAURET."

On the same date the defendants also executed and delivered a real estate mortgage

"to secure the repayment of one thousand fifty and 00-100 dollars, with interest thereon at the rate of 6% per annum, which mortgagors agree to pay to said mortgagees according to the terms of one promissory note of even date herewith, executed by said mortgagors to said mortgagees, and to which this mortgage is collateral security."

The defendants are husband and wife; the land described in the mortgage was their homestead, and title thereto was held by them as tenants by the entirety. Prior to the date of the note and mortgage the plaintiff had sold merchandise to the defendant Leo Chauret, charging the same to his personal account, and in consequence thereof Chauret was indebted to the plaintiff in the sum of $1,050, for which the note and mortgage were given. After the execution and delivery of the note and mortgage, plaintiff continued his sales of merchandise; and at the time of filing the bill herein he claimed there was owing to him from Leo Chauret on this open account $1,088.50, and interest thereon. He thereupon instituted this suit for the purpose of foreclosing his mortgage. He asked for a decree in the amount of $2,158.01, which is made up of an unpaid balance of $1,021.57 on the original obligation, and $1,136.44 on the open account. The

defendants admitted their liability for the $1,021.57, and tendered payment of the same after the hearing in the lower court and before the decree was entered. The defendant Leo Chauret also admitted that he was liable individually to the plaintiff at the time of bringing this suit for whatever balance had accrued on the open account. The defendant Julia Chauret denied liability for any portion of this open account on the ground of her disability as a married woman, and maintained that the mortgage could not be enforced as to this portion of the debt. After the defendants had tendered to the plaintiff payment of $1,021.57, and evidently because of such tender having been made, a decree was entered in the circuit dismissing the bill of complaint. The plaintiff has appealed, and the case is for hearing *de novo* before this court.

Appellant states in his brief:

"The sole question involved is whether the amount claimed by plaintiff, over and above the original $1,050 with interest thereon and taxes, can be enforced against the mortgage security."

An examination of the record discloses the mortgage under consideration does not follow the terms of the note as to the extent of the obligation; but instead recites it is given "to secure the repayment of one thousand and fifty and 00-100 dollars, with interest thereon at the rate of 6% per annum, which mortgagors agree to pay to said mortgagees according to the terms of one promissory note of even date herewith * * * to which this mortgage is collateral security." This mortgage lien by its express terms is confined to the repayment of the $1,050 and interest thereon, and the repayment of any taxes or insurance paid by the mortgagees. There is not a word in the mortgage about its securing further sums which might accrue on Leo Chauret's open account with plaintiff. There can be no doubt that incident to a note for $2,000, a mortgage lien may be given on the real property

of the mortgagor to secure the payment of $1,000 or any other portion of the mortgagor's debt; and the extent of the lien is to be determined by the provisions in the mortgage.    As indicated above, this mortgage specifically recites it is "to secure the repayment of $1,050 with interest" according to the terms of a note to which the mortgage is collateral security.    The reference to the amount of $1,050 is clearly a limitation of the extent of the mortgage lien, and not a description of the note as might be inferred had the mortgage recited it was "to secure the repayment of a $1,050 note," etc.    While there is hardly need of it, this conclusion is supported by the payment of a mortgage tax on the amount of $1,050 only; which "raises a strong presumption that it was not understood to be operative further as a security." *Lashbrooks* v. *Hatheway*, 52 Mich. 124.

The wife is not liable on the note beyond her admitted liability incident to the $1,050, because at most she is only a surety as to the balance for which plaintiff seeks to recover.    *Reed* v. *Buys*, 44 Mich. 80; *Naylor* v. *Minock*, 96 Mich. 182 (35 Am. St. Rep. 595).    The extent of the mortgage lien is limited to the same amount.    Since the wife is not bound by the note, the extent or amount of the mortgage lien must be confined to and limited by the express terms of the mortgage.    To hold that the mortgage can be enlarged by the terms of the note in effect is to say that the note is valid and binding upon the wife, rather than that it is invalid.    The plaintiff has no right to a mortgage lien beyond the specific provisions of his mortgage.

The foregoing is decisive of this case, and there is no need for considering other questions raised.

The decree of the circuit court is affirmed, with costs of the court to appellees.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.