RIESS *v*. OLD KENT BANK.

1. MORTGAGES—TAXATION—FAILURE TO PAY TAX.
    Failure to pay mortgage tax does not render mortgage void, but makes it unenforceable.

2. SAME—EXTENDING SECURITY TO FUTURE DEBTS.
    Parties to mortgage originally intended to secure particular debt may extend security to different debt or future advances, as far as their respective rights are concerned, so long as third parties are not prejudiced.

3. SAME.
    Where mortgage securing specific debt was also intended to cover future debts, land contracts given as additional security are properly held as security for additional loan, although not mentioned in note, and original loan has been paid in full.

Appeal from Kent; Brown (William B.), J. Submitted January 15, 1931. (Docket No. 52, Calendar No. 35,328.) Decided February 27, 1931. Rehearing denied June 25, 1931.

Bill by John J. Riess, executor of the estate of Robert W. Brown, deceased, against Old Kent Bank, a Michigan banking corporation, to discharge a real estate mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*George C. Brown,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defendant.

BUTZEL, C. J. On July 3, 1923, Robert W. Brown (now deceased) of Grand Rapids, borrowed from

the Old National Bank, of the same place, the sum of $8,000, and secured its repayment by a mortgage on a large number of lots in a Grand Rapids subdivision owned by him. The loan was payable 90 days after date. The mortgage provided that upon payment of the amount secured by it, according to the terms of a promissory note of even date, the note and mortgage should cease and become null and void. For 13 successive periods of 90 days each, the note was renewed. Partial payments were made from time to time. The amount of the renewal note corresponded with the balance due thereon. Each note otherwise was in substantially the same form as that of December 20, 1926, which is referred to in this opinion as Exhibit "A," and reads as follows:

"Grand Rapids, Michigan, 12–20, 1926.
"Due March 20–21.    No. 5431.

"Ninety days after date, for value received, I promise to pay to the order of The Old National Bank of Grand Rapids, Michigan, at its office, fifty-nine hundred dollars $5,900, with interest at the rate of 6 per annum from date of maturity.

"The undersigned has deposited with the said bank as collateral security for the payment of the above note and all other liabilities, absolute or contingent, present or future, of the undersigned to the said bank, the property described below, which collateral with any other collateral hereafter given in substitution therefor, or in addition thereto, on default in payment of any debt secured thereby, the holder is authorized to sell without demand or notice; at public or private sale, and at its option to purchase on such sale. In case of decline in the value of the collateral at any time held for any of said liabilities, or in case of the debtor's insolvency, the bank shall have the right, in its discretion, to call for additional satisfactory security, and upon failure to immediately furnish the same, may proceed

to sell said collateral and apply the proceeds thereon. The bank shall have a lien upon and the right to hold and apply at any time, its own indebtedness or liability to the maker hereof, as security for or payment of any liability due or to become due from the maker hereof.

"Description of Collateral.

"Real Estate mortgage, R 6500.   JCB

"Name, Robert W. Brown, 335 Adelia Street, Sarasota, Fla.

"Indorsements on Exhibit A:

"Paid   4–19–27, $1,000.

"5–5–27, $1,100.

"5–16–27, $500.

"6–3–27, $300.

"8–15–27, $400.

"8–27–27, $250.

"9–29–27, $275.

"10–21–27, $200.

"11–17–27, $350.

"12–17–27, $150.

"3– 1–28, $200.

"5–11–28, $325.

"7– 3–28, $100.

"8–14–28, $300.

"10–3–28, $125.

"10–30–28, $150.

"11–30–28, $175."

On June 30, 1925, when but a small portion of the original loan had been paid off, an additional loan of $3,500 was made by the bank to Brown. Payments were made from time to time so that on November 9, 1926, there was still $2,800 due on this loan. This amount, with interest, is still due and unpaid. Both the original and renewal notes representing this additional loan contained no reference to collateral security. Another loan was also made to Brown, but evidently it was paid as defendant in

its answer only claims that $2,800 and interest is still due.

Brown also turned over to the bank certain executory land contracts in which he was vendor, for the sale of lots that, except in few instances, were covered by the mortgage. The contracts for those lots covered by the mortgage were subsequently returned to Brown. Some on which there are amounts still due remain in the bank's possession. Proceeds from collections on the land contracts were applied to reduce the mortgage loan. The trial judge held that the contracts were turned over to the bank as additional security. A special deposit was also opened for the amounts collected on the contracts and an annotation was made on the account so as to prevent any withdrawals from it without the consent of the bank. Approximately $900 is now in this deposit. Upon Brown's death plaintiff, John J. Riess, was appointed executor of his estate. He brings this suit in that capacity. The Old National Bank was succeeded by the Old Kent Bank, defendant herein. On account of Brown's death, plaintiff was unable to show the purpose of turning the contracts over to the bank. Defendant claims that its inability to give more positive testimony is due to the fact that its former officer who had charge of the loan is no longer in its employ. He did not testify. Plaintiff claims that the bank received the contracts solely for collection, but defendant claims that they were turned over to it as additional security. The bank returned the contracts for the lots not covered by the mortgage. The mortgage contains no release clause. As the bank collected payments from the vendees on the contracts and thus substituted the amounts it received for its mortgage security, the natural conclusion would be that the

contracts were given as additional security. The original $8,000 secured by the mortgage has been paid in full, but the sum of $2,800, with interest due on the additional loan, is still unpaid.

There being insufficient assets to pay the creditors of Brown's estate, plaintiff filed the bill of complaint in the present case for the purpose of obtaining a discharge of the mortgage, the return of the land contracts together with the amount held by the bank as a special deposit and consisting of payments made on land contracts. The trial judge entered a decree dismissing the bill. He held that the mortgage was still in full force and effect and that the land contracts were given as security for the loan.

Plaintiff claims that the mortgage could not be security for any amount over $8,000 as no mortgage tax was paid on any such excess. Defendant asked for no affirmative relief and only defended against plaintiff's claims. The failure to pay a mortgage tax does not render the instrument void, but makes it unenforceable without payment of such tax. *Kerschensteiner* v. *Northern Michigan Land Co.*, 244 Mich. 403.

Exhibit "A" provided that it was secured by the mortgage and also by any other collateral that might be given in addition thereto, all of which were security for the payment of the note and of all other liabilities from Brown to the bank, both absolute or contingent, present or future. On June 30, 1925, when the $3,500 note was given, the bank held a note similar to Exhibit "A."

We are not confronted in the present case with any intervening equities. We need only consider the effect of the note and the mortgage between the parties thereto. Our attention is directed to the case of *Carroll* v. *Chauret*, 241 Mich. 338, where

there was an inconsistency between the amount of the note and of the mortgage collateral thereto. The note was executed by husband and wife. The mortgage was for a definite amount on their homestead property owned by them as tenants by the entireties. The note was for a like amount and also for such other sums that might become due on an open account. An attempt was made to hold the mortgage as security for goods sold by the mortgagee to the husband and charged solely to his account. It was held that inasmuch as the wife could not become surety for the future debts of her husband, neither the note or mortgage was binding upon her for more than amount stated in the mortgage.

Our attention is further called to the case of *Continental Bank* v. *Kowalsky*, 247 Mich. 348. There again there was an inconsistency between the amount of the mortgage and of the note. The purchasers not only relied upon the amount as stated in the mortgage but on making inquiry were told that the mortgage stated the correct amount of the indebtedness. We held that the purchasers, whose rights had intervened, were only bound by the amount stated in the mortgage. Neither of these cases present a situation where the sole question is between the original parties or their executors and successors.

The question is whether the original parties to a mortgage may, for a consideration, extend it so as to become and remain security for obligations in addition to the one described in the mortgage when there are no intervening rights or equities and no one has been misled. In *Perrin* v. *Kellogg*, 38 Mich. 720, it was held that, as long as third parties were not prejudiced, the mortgagor could agree that the mortgage should also secure an additional debt. It

is well settled by the weight of authority that the parties to a mortgage originally intended to secure a particular debt may extend the security to the payment of a different debt or future advances as far as their respective rights are concerned. *Taft* v. *Stoddard,* 142 Mass. 545 (8 N. E. 586); *Brown* v. *Gaffney,* 32 Ill. 251; *Huntington* v. *Kneeland,* 102 App. Div. 284 (92 N. Y. Supp. 944); *Kapalczynski* v. *Sitniski,* 91 N. J. Eq. 524 (111 Atl. 24); *Georgia National Bank* v. *Reese,* 156 Ga. 652 (119 S. E. 610); *Benton* v. *Kent,* 61 N. H. 124; *Walker* v. *Walker,* 17 S. C. 329; *Steele* v. *Bond,* 28 Minn. 267 (9 N. W. 772); *First National Bank* v. *Marlowe,* 71 Mont. 461 (230 Pac. 374); *Burke Land & Livestock Co.* v. *Wells, Fargo & Co.,* 7 Idaho, 42 (60 Pac. 87).

There is some conflict in the testimony, but we believe that the trial judge reached the correct conclusion. The decree for defendant is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.