UNION GUARDIAN TRUST COMPANY, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94687.    Promulgated May 29, 1940.

*Louis F. Dahling, Esq.*, for the petitioner.
*P. A. Sebastian, Esq.*, for the respondent.

1308

## OPINION.

LEECH: The principal question in this case is whether petitioner paid debts of the decedent in disregard of the priority of the United States in respect of claims for income taxes and hence brought itself within the provisions of section 311 (a) (2) of the Revenue Act of 1928 and section 3467 of the Revised Statutes. These sections, together with the relevant section 3466 of the Revised Statutes, are set out in the margin.[1]

[1] SEC. 311. TRANSFERRED ASSETS.

(a) *Method of collection.*—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title * * *:

* * * * * * *

(2) FIDUCIARIES.—The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

SEC. 3466. (Priority in Administration.)

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to

Petitioner is liable only if out of the assets received from decedent it paid out moneys in discharge of debts to which the Government claim had priority. Conversely, it is not liable if the obligations which it paid had priority over the Government's claim for taxes. *Jessie Smith, Executrix*, 24 B. T. A. 807.

It is settled law that Federal taxes have no priority over valid pre-existing liens. As was said in *Conard* v. *Atlantic Insurance Co.*, 1 Pet. 386, the Government's "priority is no more than a right of prior payment out of the general funds of the debtor." *North River Coal & Wharf Co.* v. *McWilliams Brothers*, 32 Fed. (2d) 355; affd., 59 Fed. (2d) 979, and 288 U. S. 290; *United States* v. *Cutts*, 1 Sumn. 133; 25 Fed. Cas. 745 (Case No. 14912); *Brent* v. *Bank of Washington*, 10 Pet. 594; *Conard* v. *Atlantic Insurance Co.*, *supra*; *United States* v. *Hooe*, 3 Cranch, 73.

The collateral given by the decedent here to secure his notes to the Peoples Wayne County Bank could be applied not only to the note itself, but to "all other liabilities, absolute or contingent, present or future" of decedent. Such a provision in a note is valid in Michigan, *Riess* v. *Old Kent Bank*, 253 Mich. 557; 235 N. W. 252, and elsewhere, *Citizens Bank & Trust Co.* v. *Thornton*, 174 Fed. 752; *Beacon Trust Co.* v. *Robbins*, 173 Mass. 261; 53 N. E. 868. The bank thus had valid liens against the collateral from the proceeds of the sale of which the disputed payments on the lien debts were made. These liens existed at decedent's death and therefore had priority over the Government's later asserted claim for decedent's income taxes.

Respondent also claims that the Government had priority in respect of the debt of $41.25 owed by decedent to the Grosse Ile Golf & Country Club. We hold that in the light of the above authorities the club in question likewise had a lien prior to the Government's claim for income taxes.

Respondent contends that the cancellation of the membership in the Bloomfield Hills Club for debts owing the club was a payment of a debt of the decedent. This contention has no merit, since the

---

pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

SEC. 3467. (Liability of Fiduciary.)

Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person, or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid. [As amended by sec. 518, Revenue Act of 1934.]

membership never belonged to decedent and such debts were not owed by him.

We hold, therefore, that petitioner paid no debts owed by the decedent in disregard of the priority of the United States claim for income taxes of decedent. In consequence, it is not liable for those taxes. In view of this result, it will not be necessary to pass upon the second point raised by petitioner, namely, that respondent can not assess the tax against petitioner because of a reorganization in which petitioner's liabilities were assumed by another entity.

*Decision will be entered for the petitioner.*