**UNITED STATES v. WEISBURN.**

Civil Action No. 1635.

District Court, E. D. Pennsylvania.

Jan. 15, 1943.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., for plaintiff.

Joseph B. Englander, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This suit was brought against the defendant personally and as executrix of the estate of Martin H. Weisburn, to collect $1,638.95 outstanding and unpaid balance of Federal income tax assessments made against defendant's decedent for the calendar years 1932, 1933, 1934 and 1935.

A jury trial was waived in this case, and it was heard before the Court on the pleadings, stipulation of facts and proofs.

Findings of Fact

The stipulated statement of facts is hereby adopted as the Findings of Fact of this Court, which are as follows:

1. On December 13, 1934, an assessment in the amount of $168.44 for additional in-

come taxes for the year 1932 was made against Martin H. Weisburn, now deceased, by the Commissioner of Internal Revenue. The First Notice of such additional assessment was served on the taxpayer by the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on December 10, 1934; the Second Notice was served on December 20, 1934, and a Warrant of Distraint for said $168.44, plus interest, was issued against the taxpayer on December 31, 1934.

2. Payments were thereafter made by the taxpayer to the Collector in Pittsburgh in the total amount of $122.15, leaving a balance owing and unpaid of $46.29. On June 27, 1936, the taxpayer died testate leaving the said balance of $46.29 additional income tax for the year 1932 still outstanding and unpaid.

3. On May 1, 1934, an assessment for income taxes for the calendar year 1933 in the amount of $479.09 was made against the taxpayer, Martin H. Weisburn, by the Commissioner. The First Notice of such assessment was served on the taxpayer by the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on June 25, 1934; the Second Notice was served on July 10, 1934, and a Warrant of Distraint for the amount of $359.32, plus interest of $3.34, or a total of $362.66, was issued against the taxpayer on July 20, 1934.

4. A payment of $119.77 had been paid upon the filing of the Federal income tax return by the taxpayer and the balance due and unpaid thereafter was $359.32, plus interest. On June 27, 1936, the taxpayer died leaving the said balance of $359.32, plus interest, still due and unpaid.

5. On July 15, 1935, an assessment for income taxes for the year 1934 in the amount of $631.95 was made by the Commissioner against Martin H. Weisburn. The First Notice of such assessment was served upon the taxpayer by the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on June 25, 1935; the Second Notice was served on July 15, 1935, and a Warrant of Distraint for the amount of $473.96, plus interest, was issued against the taxpayer on July 31, 1935.

6. A payment of $157.97 had been paid upon the filing of the Federal income tax return by the taxpayer and the balance due and unpaid thereafter was $473.96, plus interest. On June 27, 1936, the taxpayer died leaving the said balance of $473.96, plus interest, still due and unpaid.

7. On May 26, 1936, an assessment for additional income taxes for the year 1934 in the amount of $115.18 was made by the Commissioner against Martin H. Weisburn. The First Notice of such assessment for additional income taxes for the year 1934 was served on the taxpayer by the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on April 10, 1936; the Second Notice was served on April 20, 1936, and a Warrant of Distraint for the amount of $115.18, plus interest, was issued against the taxpayer on April 30, 1936.

8. On June 27, 1936, the taxpayer died leaving the said sum of $115.18, plus interest, still outstanding and unpaid.

9. On May 26, 1936, an assessment in the amount of $858.94 for income taxes for the year 1935 was made by the Commissioner against Martin H. Weisburn. The First Notice of such assessment was served upon the taxpayer by the Collector of Internal Revenue at Pittsburgh, Pennsylvania, on June 23, 1936; the Second Notice was served on July 3, 1936, and a Warrant of Distraint for the amount of $644.20, plus interest, was issued against taxpayer and his wife on July 13, 1936.

10. A payment of $214.74 had been paid upon the filing of the Federal income tax return by the taxpayer and the balance due and unpaid thereafter was $644.20, plus interest. On June 27, 1936, the taxpayer died leaving the said balance of $644.20, plus interest, still outstanding and unpaid.

11. By his will the taxpayer named his wife, Katherine Weisburn, defendant herein, as executrix of his estate. The defendant, Katherine Weisburn, has duly and properly qualified as executrix of the estate of the said Martin H. Weisburn.

12. On August 14, 1936, proof of claim for the aforementioned balances, totaling $1638.95, plus interest, due and owing to the United States by Martin H. Weisburn, was filed with the defendant executrix by the Collector of Internal Revenue at Pittsburgh, Pennsylvania. No payments were ever made to the Collector at Pittsburgh by the defendant, and when defendant moved to Philadelphia, Pennsylvania, the total amount of $1,638.95, plus interest, was transferred to the office of the Collector of Internal Revenue at Philadelphia, Pennsylvania. The assessment lists in the said total amount of $1,638.95 were there-

after received and accepted by the Collector's office in Philadelphia, Pennsylvania. No payments have ever been made by the defendant to the Collector at Philadelphia on the amounts assessed against her decedent, Martin H. Weisburn, and as a result the total amount of $1,638.95 is still outstanding and unpaid.

13. On March 11, 1937, the defendant filed an inventory and appraisement of the personal estate of the taxpayer showing total receipts of $4,053.30, of which amount $3,738.30 was cash. Thereafter the defendant filed in the Orphan's Court of Allegheny County, Pennsylvania, a First and Final Account as executrix showing, among other things, the following:

| | |
|---|---|
| Gross estate......... | $4,053.30 |
| Receipts .......... | $4,053.30 |
| Disbursements .... | 3,385.23 |
| Balance cash on hand | $ 668.07 |

14. The estate of Martin H. Weisburn was called for audit on January 21, 1942, after several postponements as the result of requests by the United States. The United States had sought such postponements in order that a final determination of the present suit could be made before the Orphan's Court of Allegheny County, Pennsylvania, issued its order of distribution. At the hearing of January 21, 1942, however, as this suit had never come up for trial, the United States withdrew its objections to the distribution as the Orphan's Court intimated that it would make no further extensions. A decree nisi was thereupon rendered by the Orphan's Court on February 24, 1942, confirming as modified the defendant's account and ordering a distribution of the assets remaining in the hands of defendant. No exceptions having been made to the nisi decree, it accordingly became final thereafter on April 8, 1942.

### Additional Findings of Fact

In addition to the stipulated facts, I make the following Findings of Fact:

15. The assets in the hands of the defendant executrix are insufficient to pay all the debts due from the deceased, Martin H. Weisburn.

16. The defendant executrix has paid debts of the deceased for whom she acts without having first satisfied and paid debts due to the United States. . . :.

### Discussion

The questions involved are two-fold:

(1) Whether the United States of America is entitled to recovery against the defendant as executrix for taxes assessed against her decedent, Martin H. Weisburn; and

(2) Whether the defendant is personally liable under the provisions of Sections 3466 and 3467 of the Revised Statutes for sums disbursed in payment of the debts of her decedent without having first satisfied and paid debts due to the United States.

Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, provides as follows: "Sec. 3466. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 3467 of the Revised Statutes, 31 U.S.C.A. § 192, provides as follows: "Sec. 3467. [As amended by Sec. 518(a), Revenue Act of 1934, c. 277, 48 Stat. 680.] Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

█ Preliminarily, it may be stated that at the trial of this case, I ruled that the collection of balances outstanding and unpaid of the assessments made on December 13, 1934, and May 1, 1934, in the respective amounts of $46.29 and $359.32 is barred by the Statute of Limitations, inasmuch as this suit was instituted July 14, 1941, and therefore was not timely brought in regard to such assessments:

Sec. 276(c) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 276(c).

Section 276(c) provides as follows: "(c) Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. 53 Stat. 87."

In United States v. Motsinger, 4 Cir., 123 F.2d 585, 587, the court said: "There can be no question, we think, but that a suit under [section] 3467 to hold a fiduciary liable in his own person and estate for a tax due the United States is a 'proceeding in court' to collect the tax and that it may be maintained only if commenced 'within six years after the assessment of the tax', as provided in the section just quoted, I.R.C. § 276(c)."

Elimination of the two assessments made in 1934 reduces the amount involved in this suit to $1,233.34—made up of the assessments of $473.96 on July 15, 1935, $115.18 on May 26, 1936, and $644.20 on May 26, 1936.

█ As to the latter three assessments, the suit is timely, as the Revenue Act of 1924 and all subsequent Acts provide that when an income tax has been assessed, collection may be made within six years from the date of the assessment: First Huntington Nat. Bank v. United States, 4 Cir., 117 F.2d 376; United States v. Motsinger, supra.

As to the first question involved:

Is the United States of America entitled to recovery against the defendant as executrix for taxes assessed against her decedent, Martin H. Weisburn?

█ This question must be answered in the affirmative. An executrix is under legal compulsion to pay all the debts of her decedent insofar as there are assets in the estate: Anderson v. United States, Ct.Cl., 15 F.Supp. 216.

█ ·Accordingly, since there are outstanding balances of Federal income taxes which have not been paid, the United States is entitled to recover from the defendant as executrix the amount of all funds remaining in the estate of the decedent Martin H. Weisburn.

As to the second question involved:

Is the defendant personally liable under the provisions of Sections 3466 and 3467 of the Revised Statutes for sums disbursed in payment of the debts of her decedent without having first satisfied and paid debts due to the United States?

██ Here, the decedent's assets which came into the possession of the defendant as executrix were not sufficient to pay all of his debts. Under those circumstances, Section 3466 of the Revised Statutes became applicable, since the word "debts" as used in Section 3466 includes taxes due the United States: Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373. Thus the duty was on the executrix to first satisfy the Federal taxes owing by the insolvent estate. This she failed to do.[1]

█ In this case the defendant's First and Final Account filed with the Orphan's Court of Allegheny County, Pennsylvania, discloses that she disbursed funds in payment of debts of her decedent without having first satisfied the debts due the United States, as required by Section 3466.

Accordingly, Section 3467 of the Revised Statutes becomes applicable: See Anderson v. United States, supra, at page 223 of 15 F.Supp., where it was held that the executor " * * * is personally liable for the payment of the tax due by the decedent or the estate * * *."

The defendant's liability, however, under Section 3467 is only for the amounts paid on debts of the decedent's estate over which the debts of the United States had priority: Union Guardian Trust Co. v. Commissioner, 41 B.T.A. 1306; Smith v. Commissioner, 24 B.T.A. 807, 810.

---

[1] That such priority exists in favor of the United States—even as against liens of states or counties—is well settled: United States v. Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356, which cites with approval the earlier cases of Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621, and People of State of New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754.

Here, the government contends that it had priority except as to payments which defendant made for administrative expenses, for funeral expenses, and for the headstone. Such contention is well-grounded: Spokane County v. United States, supra; United States v. Texas, supra; United States v. Knott, 298 U.S. 544, 56 S.Ct. 902, 80 L.Ed. 1321, 104 A.L.R. 741.

In Kuhn's Estate, 146 Pa.Super. 1, 6, 21 A.2d 513, decided July 18, 1941, the Superior Court of Pennsylvania specifically ruled that Federal income taxes had priority over claims of general creditors.

After pointing out that the Pennsylvania Supreme Court had, in the early case of Commonwealth, for the use of the United States v. Lewis, 6 Bin. 266, sustained the Federal priority under the Federal Act of March 3, 1797, 1 Stat. 676, which granted the United States priority in terms substantially similar to Section 3466 of the Revised Statutes, the court said (page 6 of 146 Pa.Super., page 515 of 21 A.2d): "Under the decisions reviewed, the constitutional power of Congress to enforce such priority under the statute, even as against the estate of an insolvent individual decedent who dies domiciled in the state, is clear."

The defendant has argued strenuously that her liability to the United States, personally and as executrix, ceased with the entry of the Final Decree of the Orphan's Court of Allegheny County, Pennsylvania, on April 8, 1942, and that her discharge as executrix by the Orphan's Court relieved her of any liability.

In answer to this contention, it must be stated that neither a discharge of an executor of an insolvent estate, an approval of his account, nor the distribution of assets, relieve him from liability for debts due to the United States.

In Evans v. Commissioner, 12 B.T.A. 334, the court said: "The Board is of the opinion that the fact that an estate has been administered and the administratrix discharged does not operate to defeat the right of the Government to collect from the estate within the statutory period provided by Congress such taxes as are admittedly due on account of a return filed by the decedent." See also United States v. Cruikshank, D.C., 48 F.2d 352, 354; In re Smathers' Will, 249 App.Div. 523, 293 N.Y.S. 314.

For the reasons stated, judgment must be entered for the plaintiff.

Accordingly, I state the following
Conclusions of Law

1. Under the law and the evidence the defendant has disbursed amounts in payment of debts of the deceased, Martin H. Weisburn, over which the debts of the United States had priority by virtue of Sections 3466 and 3467 of the Revised Statutes of the United States.

2. Under the law and the evidence the debts of the United States had priority over all the debts of the deceased and his estate except the following:

| | |
|---|---|
| Exemption, Katherine Weisburn, Widow | $ 500.00 |
| Administrative Expenses: | |
| Register of Wills | 7.00 |
| Pittsburgh Legal Journal: | |
| Advertising Estate | 5.50 |
| Pittsburgh Press: | |
| Advertising Estate | 12.50 |
| Filing inventory | 1.00 |
| Affidavit to inventory | .75 |
| Appraisers' Fees | 10.00 |
| Filing this Account | 16.00 |
| Affidavit to Account | .50 |
| Accountant's Commission | 200.00 |
| Louis Little, Attorney's Fees | 200.00 |
| Preferred Debts: | |
| Ralph Schugar, Inc., Funeral Expenses | 1,231.00 |
| Harry I. Molitch, Headstone | 575.00 |

3. Under the law and the evidence the United States is entitled to recover against the defendant personally the full amount of funds disbursed as executrix in payment of debts over which the debts of the United States had priority.

4. Under the law and the evidence the United States is entitled to recover from the defendant as executrix the amount of all funds now remaining in the estate of Martin H. Weisburn.

An appropriate order may be submitted.