MACOMB COUNTY SAVINGS BANK *v.* KOHLHOFF.

1. MORTGAGES—EXISTING DEBTS.
  A mortgage given to secure all existing debts of the mortgagor to the mortgagee is valid.

2. SAME—ADDITIONAL DEBTS.
  A mortgagor and a mortgagee may agree that an existing mortgage should also secure an additional debt.

3. EQUITY—CONTRACTS—EVIDENCE.
  An equity court may admit evidence as to facts and circumstances surrounding the transaction where 2 writings are involved and the question is raised as to whether they constitute separate agreements or are part of a single contract.

4. MORTGAGES—ORAL TESTIMONY—INTENT.
  Plaintiff mortgagee's contention that the trial court erred in allowing oral testimony which allegedly changed the terms of the mortgage, *held*, not well taken, as the trial court merely construed the intent of the parties.

5. APPEAL AND ERROR—MORTGAGES—DEFAULT—ADDITIONAL DEBTS.
  Holding of trial court in foreclosure action that so-called open-end mortgage for $4,000, not in default, did not secure additional loans over that amount, and that therefore plaintiff bank was not entitled to foreclosure *held*, supported by the record.

6. COSTS—FORECLOSURE.
  No costs are awarded on appeal in suit to foreclose a so-called open-end mortgage held not to include later loans for amounts larger than the face amount of the mortgage.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 October 4, 1966, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur, Mortgages § 57 *et seq.*
[2] 36 Am Jur, Mortgages § 68.
[3] 17 Am Jur 2d, Contracts § 264 *et seq.*
[4] 30 Am Jur 2d, Evidence §§ 1016, 1050.
[5] 36 Am Jur, Mortgages § 63 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 1014; 20 Am Jur 2d, Costs § 10 *et seq.*

(Docket No. 1,366.)   Decided January 10, 1967.   Rehearing denied February 20, 1967.   Leave to appeal denied by Supreme Court April 26, 1967.   See 379 Mich 760.

Complaint by Macomb County Savings Bank, a Michigan banking corporation, against Ronald Kohlhoff, Ella Kohlhoff, John Rotarius, and Leona Rotarius to foreclose a mortgage.  Judgment against defendants Rotarius, but of no cause of action as to defendants Kohlhoff.  Plaintiff appeals.  Affirmed.

*Nelson S. Shaperd* and *Harold N. Weller,* for plaintiff.

*Potvin, Tunney & Lawrence* (*Fred J. Potvin,* of counsel), for defendants Kohlhoff.

N. J. Kaufman, J.  On October 22, 1960, the appellees, Ronald Kohlhoff and Ella Kohlhoff, his wife, executed a promissory note to appellant bank in the amount of $4,000.  The note was secured by a mortgage on a home owned by the entireties by the appellees, the mortgage stating that it was to secure all sums loaned and such other sums which might thereafter be advanced, or for any other sums of money owing by the mortgagor to the mortgagee, until discharged.

On September 29, 1962, the appellees borrowed another $711.38, which brought the total amount owing to the appellant to $4,000, the original amount of the debt.  This new loan was not evidenced by a note but was deposited to a checking account of the appellees.

On February 11, 1963, appellees borrowed $12,150 from the same bank, to-wit:  Macomb County Savings Bank, a Michigan banking corporation, and signed a new note guaranteed by defendants Rota-

rius and secured by a chattel mortgage on 2 Chevrolet trucks and 2 trailers. The defendants Rotarius defaulted in the lower court and judgment was entered against them. The present appeal only involves the defendants Kohlhoff. On August 21, 1963, appellees Kohlhoff borrowed another $900 from the appellant bank and again gave a new promissory note and executed a chattel mortgage, secured by a 1961 Chevrolet tractor and trailer, this note being payable in 90 days.

Subsequent to the signing of the last note for $900, a fire occurred whereby the trucks and trailers were destroyed. Appellees received $3,700 from the insurance as a result of the fire, and this amount was applied to reduce the indebtedness on the note for $12,150.

On January 5, 1965, Ronald Kohlhoff was adjudicated a bankrupt in the district court for the eastern district of Michigan and was discharged of his debts, which listed the 3 notes involved in this case. Appellant bank had notice of the bankruptcy proceeding but filed no claim.

On January 25, 1965, appellant bank commenced this action, praying for foreclosure action against the Kohlhoffs and defendants Rotarius. The Kohlhoffs filed their appearance, answered the complaint, and timely demanded a jury trial.

The trial court denied the request for a jury on the theory that the only issue involved was in equity, *i.e.,* an action for foreclosure.

A mortgage given to secure all existing debts of the mortgagor to the mortgagee is valid. *Michigan Insurance Company of Detroit* v. *Brown* (1863), 11 Mich 265.

It is clear that a mortgagor and a mortgagee could agree that a mortgage should also secure an additional debt. *Riess* v. *Old Kent Bank* (1931),

253 Mich 557 (76 ALR 571). The question then becomes: Did the parties intend the mortgage to secure the notes presently in default?

In equity, the court may resort to facts and circumstances surrounding the transaction where 2 writings are involved and the question is raised as to whether they constitute separate agreements or are part of a single contract. *Shirey* v. *Camden* (1946), 314 Mich 128.

The trial court held, from the facts, that defendants Kohlhoff were not in default on the first mortgage, there being the balance of $3,300.69 as of September 15, 1965. He further held that the third and fourth loans, which were in default, had nothing to do with the original loan, in spite of the open-end mortgage. He further held:

"It is further ordered that this determination is without prejudice to any action at law on the notes sued upon, the within action being solely a foreclosure action."

We uphold the trial judge. From the nature of all the transactions, it is clear that the original loan was for $4,000 and the open-end mortgage limited any further loans on that mortgage to an amount which would bring the total to no more than $4,000. Mr. Eppler, an employee of the bank and the sole witness testifying in the instant case, when asked if he had explained the nature of an open-end mortgage, testified as follows:

"*Q.* How did you go about explaining it to them?
"*A.* Well, the thing that I explained to them was the fact that they can, after the note has been reduced, if necessary, borrow more money without discharging and making a new loan and so forth.
"*Q.* That is what you told them?
"*A.* Yes.

"*Q.* That when the note was reduced that they could then borrow up to the $4,000?

"*A.* That is right.

"*Q.* That is what you explained an open-end mortgage to be?

"*A.* Yes.

"*Q.* Up to the $4,000?

"*A.* I think I am confused there, sir.

"*Q.* Well, this is what I wanted to find out. I might say to you this is what the Kohlhoffs told me that you explained the mortgage to be, this is what they understood it to be, but I want you to think back now and think maybe this is what you told them; that when this mortgage got down below the original principal amount that without executing a new mortgage and note, without going to the trouble of having an abstract brought to date, examined, *et cetera,* they could then borrow again up to the $4,000. Is that what you told them?

"A. As I remember, yes."

The actions of appellant bank further indicated the intent of the parties when they loaned appellees more money on September 29, 1962, bringing the amount owed appellant bank by the Kohlhoffs back to $4,000, without a note.

We do not find that the court allowed oral testimony to change a written instrument, to-wit: the mortgage. He merely construed the intent of the parties.

Appellant's action was for foreclosure. In the opening statement to the court, appellant's counsel stated:

"This is an action to foreclose a mortgage on real estate, Your Honor. I think the pleadings are all in order. There are 3 notes and the total amount due on the 3 notes is $12,997.77, as of today."

The appellees not being delinquent on the original loan, the appellant was not entitled to foreclosure.

We affirm the trial court, but without prejudice to plaintiff bringing such further action as it deems appropriate for collection of the moneys it claims to be due from defendants. No costs.

QUINN, P. J., and McGREGOR, J., concurred.